*(handwritten, top right)* Denied  18 USC § 3582 (c) 2 does not provide jurisdiction in this court to grant movants request  2.8.08

Earl C. Bogans #17382-112
1299 Seaside Avenue
Terminal Island, CA 90731
Movant in pro se.

FILED
CLERK, U.S. DISTRICT COURT

FEB - 8 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ) Case No. ███████
                          )
        Plaintiff/Respondent ) ――――――――――――――――――
                          )  CR 99-1099-R
        Vs                ) ――――――――――――――――――
                          )  18 U.S.C. & Section 3582(c)2
                          )  Motion for reduction.
Earl C. Bogans           )  AND ORDER DENYING MOTION
                          )
        Defendant/Movant  )
――――――――――――――――――――――――――)

Comes now the Movant, Earl C. Bogans, proceeding Pro Se, unlearn-
ed and unskilled in the law, indigent and incarcerated, and moves
this court to give order for reduction of sentence pursuant to
18 U.S.C. & Section 3582(c)2, under Amendment 599, an eplicitly
retroactive amendment.

## I.

### FACTS

On April 24, 2000, at sentencing defendant was given a mandatory
consecutive sentence under 924(c) and a two level weapon enhance-
ment for a carjack. Defendants attorney appealed the two level
weapon enhancement under the preponderance of evidence standard
violation. The Ninth Circuit Court remanded the case back to the
district court. On February 4, 2002 the district court denied re-
lief. Defendants attorney did not appeal the district court's
decision. As a result of his failure to appeal, defendant filed
an ineffective assistance of counsel motion under 28 U.S.C. 2255,
which was denied by the district court.

## II

### ARGUMENT
A. District Court should withdraw the
two level enhancement under Amendment
599.

pl

**Defendant moves** this court to order reduction of sentence under Amendment 599, which was not in effect at the time defendant's appeal was in progress. Effective November 1, 2000, the sentencing commission adopted Amendment 599, an explicitly retroactive amendment that modified the guidlines applicable to 924(c) offenses, U.S. Sentencing Guidelines Manual 2K2.4. The amendment note states:

> "If a sentence under this guidline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristics for possession, brandishing, use or discharge of an explosive or firearm when determining the sentence for underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying conviction..."

**In the case of** the defendant, he was attributed the two level weapon enhancement for a carjack by the pre-sentencing report (PSR). There was no testimony in court that defendant possessed, brandished, used or discharged a weapon in that case. Under amendment 599, defendant is entittled to a two level reduction of his sentence because the firearm originally used to enhance defendant's sentence had also been a part of the offense that contributed to defendant's 924(c) conviction.

**Under 18 U.S.C. &** Section 3528(c)2, a district court can resentence a defendant whose sentence range has been lowered by the Sentencing Guideline Commission pursuant to 28 U.S.C. Section 944(o). This allows the court to re-evaluate the defendant's sentencing range using the newly reduced Guidelines, and then determine an appropriate sentence. Defendant is asking the district court to reconsider his sentence pursuant to 3582(c)(2) and the defendant is asking the district court to have discretion to impose a non-guideline sentence under **Booker**, case law **U.S.vs Hicks F3d 472 (9th cir 2007)**.

### III

### CONCLUSION

**For all the reasons** stated herein above, I ask the court to grant Bogans' 3582(c)(2) Motion for Reduction of Sentence of the subject matter.

Respectfully submitted this ____4____ day of ___Feb,_____ 2008
Terminal Island California.

**AFFIRMATION**

I, Earl C. Bogans, do hereby affirm that all statements made in the attached Motion for Reduction of Sentence, are true, correct, complete and not misleading...so help me God.

_Earl C. Bogans_
Earl C. Bogans