UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA



UNITED STATES OF AMERCIA,           CASE NO. CR-99-1099-R-

    Plaintiff,

v.

EARL C. BOGANS,                      DEFENDANT'S MOTION FOR RECONSIDER
                                     ATION OF HIS 18 U.S.C. § 3582(c)
    Defendant.                       (2) MOTION.

_____/

*[Handwritten annotation across page: "There is nothing in this motion. This court is without jurisdiction." Signed and dated 2-26-08]*

COMES now the defendant, above-named and appearing Pro se, and respectfully moves for reconsideration of the denial of his 18 U.S.C. § 3582(c)(2) motion, wherein the district court does have jurisdiction to grant the relief raised thereof.

-1-

That this motion is made and based upon the annexed memorandum of authorities and all pleadings and papers on file herein.

Dated this 19 day of Febuary, 2008.

                                          Respectfully submitted,

                                          *Earl C. Bogans*
                                          Earl C. Bogans
                                          #17382-112
                                          Federal Correctional Institution
                                          P.O.Box 3007
                                          Terminal Island
                                          San Pedro, CA 90731

<u>MEMORANDUM OF AUTHORITIES</u>

on February 8, 2008, the Court entered an order denying the defendant's 18 U.S.C. § 3582(c)(2) motion, wherein the Sentencing Commission eliminated the two point enhancement for all offenses involving 924(c) convictions pursuant to Amendment 599.

The district court reason for the denial of defendant's 3582 (c)(2) motion, was that the Court did not have jurisdiction to grant the relief raised by the defendant. However, the Court errored in the denial of the defendant's 3582(c)(2) motion. See <u>United States v. Townsend</u>, 98 F.3d 115 (9th Cir. 1996). Manuel L. Real, presiding Judge, D.C. NO. Cr-92-00498-R, Criminal Law, 996(1.1) 1147.

Decision whether to reduce sentence under statutory provision pertaining to modification of imposed term of imprisonment is within the district court judge, and denial of motion to reduce is reviewed for abuse of that decretion. 18 U.S.C. § 3582(c)(2).
Under § 3582(c)(2), the district court may reduce a defendant's term of imprisonment if the sentence was based on a sentencing range that has been subsequently lowered by the Sentencing Commission, provided that the court considers the relevant factors enumerated in § 3553(a) and provided that the reduction is consistent with applicable Sentencing Guidelines policy statement.
In addition, 18 U.S.C. § 3582(c)(2), provides for all district courts with jurisdiction to resentence a defendant for an amendment that has been **modified, or eliminated** by the Sentencing Commission. United States Sentencing Guidelines § 2K2.4 cmt N.2 (2000). Amendment 599 eliminated Bogans two-level enhancement for the carjacking because the two-level enhancement used for sentencing was consider an

element of the offense that constituted the defendant's conviction for the sentence of the 924(c).

## CONCLUSION

The defendant posit that the district court does have jurisdiction to grant the relief raised by the defendant in his 18 U.S.C. § 3582(c)(2) motion, pursuant to Aendment 599, which has eliminated the two-level enhancement for 924(c) offenses.

## PROOF OF SERVICE

Carol Peterson
Assistance U.S. Attorney
312 North Spring Street
1500 Courthouse
Los Angeles, CA 90012

Dated this _19_ day of _Febuary_, 2008.

Respectfully submitted,

_Earl C. Bogans_
Earl C. Bogans